him notice to do this work, and should not have included it in the contract for paving and curbing the avenue. These questions have been disposed of in Donley's Appeal and Whitney's Appeal, decided herewith.

The bill contains the further averment that, under the said act of May 16, 1891, viewers have been appointed by the court of common pleas No. 3, who have assessed the costs and expenses, including the contract price of setting the curbstone and laying the sidewalk, upon the property benefited, including the plaintiff's property.

The plaintiff contends that, under the said act, the city has no right to assess his property for said improvements upon the basis of the contract of the city with the contractor; that the contract itself, having been entered into without lawful authority, it cannot now be made the measure of the cost of said improvements or of the amount of benefits received. We are of opinion that the act contemplates that the assessments should be made upon the basis of a quantum meruit. At the same time the contract under which the work was done is some evidence of the cost of the improvements, and may be considered by the viewers when they come to make the assessment.

The decree is affirmed and the appeal dismissed at the costs of the appellant.

## Gray, Appellant, v. City of Pittsburgh.

*Constitutional law—Act of May 16, 1891.*

The act of May 16, 1891, P. L. 71, is constitutional. See Donley v. Pittsburgh, supra.

Argued Jan. 22, 1892. Appeal No. 48, Oct. T., 1892, by plaintiff, from decree of C. P. No. 1, Allegheny Co., March T., 1892, No. 262, dismissing a bill in equity. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity by Cyrus S. Gray and Maggie J. Gray, his wife, against the city of Pittsburgh. The facts were similar to those in Donley v. Pittsburgh, supra.

*Johns McCleave, J. M. Swearingen* and *C. A. O'Brien*, for appellants.

*D. T. Watson* and *W. C. Moreland,* with them *T. D. Carnahan,* for appellee.

PER CURIAM, February 1, 1892.

All of the questions presented by this appeal have been disposed of in Donley's Appeal, decided herewith.

The decree is affirmed and the appeal dismissed at the costs of the appellants.


# Rubright *v.* City of Pittsburgh.

*Constitutional law—Act of May* 16, 1891.

The act of May 16, 1891, P. L. 71, is constitutional.    See Donley v. Pittsburgh, supra.

Argued Jan. 22, 1892.   Appeal, No. 49, Oct. T., 1892, by plaintiff, from decree of C. P. No. 1, Allegheny Co., March T., 1892, No. 263, dismissing a bill in equity.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity by Noah Rubright against the city of Pittsburgh.   The facts were similar to those in Donley v. Pittsburgh, supra.

*Johns McCleave,* for appellant.

*W. C. Moreland* and *J. H. White,* with them *T. D. Carnahan,* for appellee.

PER CURIAM, February 8, 1892.

The only question raised in this case is the constitutionality of the act of May 16, 1891, commonly known as the "New Street Act."   This matter was considered and decided in Donley's Appeal, and need not be further discussed.

The decree is affirmed and the appeal dismissed at the costs of the appellant.